# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LETITIA MICHELE YEAGER,

                Plaintiff,

v.

  KOHLER CO.,

                Defendant.

Case No. 22-CV-65-JPS

**ORDER**

On January 18, 2022, Plaintiff Letitia Michele Yeager ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Kohler Co. ("Kohler") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112, *et seq.*[1] (Docket #1). Plaintiff also filed a motion for leave to proceed without prepaying the filing fee. (Docket #2). This Order screens Plaintiff's complaint.

## 1. MOTION TO PROCEED IN FORMA PAUPERIS

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

---

[1]Although Plaintiff does not state the law under which she brings suit, the Court can infer from the facts presented that this is a race- and disability-based discrimination case in the employment context, typical of those brought under Title VII and the ADA.

In her motion, Plaintiff avers that she is unemployed and unmarried. (Docket #2 at 1). She is responsible for supporting her three minor children. (*Id.*) Her monthly expenditures, including rent, a car payment, and household expenses, total between $1,275. (*Id.* at 2–3). It is unclear exactly how much Plaintiff receives as monthly income, as it appears that she listed her salary *prior* to being terminated from her employment as her monthly income, but she is receiving unemployment benefits. (*Id.*) The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016)

Case 2:22-cv-00065-JPS   Filed 01/25/22   Page 2 of 5   Document 5

(internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 3.    RELEVANT ALLEGATIONS

Plaintiff alleges that, on August 26, 2021, a foreman of her employer, Thomas Hamesiter ("Hamesiter"), approached her thirty minutes before her shift start time, "demanding that [Plaintiff] stand up to do the job [she] was running." (Docket #1 at 2). At that time, however, Plaintiff was on doctor-ordered work restrictions due to a work-related accident earlier that month. (*Id.*) Hamesiter continued to order Plaintiff to stand while she worked and threatened to report her to human resources ("HR") for failure to follow directions. (*Id.* at 2–3). Plaintiff states that her white colleagues were permitted to sit while they performed similar jobs. (*Id.* at 3).

Later that day, supervisor Kate Stoegal ("Stoegal") informed Plaintiff that she would need to meet with HR to discuss her "issue." (*Id.*) During the meeting, Plaintiff explained her medical condition and expressed concern about her white coworkers being permitted to sit on while working. (*Id.*) HR told Plaintiff that she would be allowed to sit on a stool until "an ergonomic assessment was completed." (*Id.*)

When Plaintiff arrived at work the next morning, the stool was no longer at her workstation. (*Id.* at 4). Hamesiter told Plaintiff that he had no knowledge of where the stool went. (*Id.*) Plaintiff emailed HR, and Stoegal

responded that she would be more consistent about refusing all employees the opportunity to sit while working. (*Id.*) Plaintiff states, however, that white employees continued to be allowed to sit while working. (*Id.*)

On August 28, 2021, Plaintiff was required to attend a meeting with Stoegal, Hamesiter, and a union representative. (*Id.*) There, she was told that she would not be permitted to sit while working because sitting would create "more of a strain on [her] spine." (*Id.*) After this meeting, Plaintiff returned to standing while working, which caused her pain. (*Id.*) The company began auditing her work performance more frequently, her vacation days were being denied, and she was ultimately fired on November 24, 2021. (*Id.*)

**4.    ANALYSIS**

A plaintiff seeking to proceed under Title VII must file a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the day of the alleged discrimination. 42 U.S.C. § 2000e-5; *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Once the EEOC issues its right-to-sue letter at the end of its investigation of the charge, the plaintiff must then file their civil lawsuit within 90 days. *Id.* Similar requirements apply for cases brought under the ADA. 42 U.S.C. § 2000e–5.

Here, Plaintiff failed to provide evidence or plead that she received a right-to-sue letter from the appropriate authority. In light of this deficiency in Plaintiff's complaint, the Court will order her to refile it and address whether she pursued her claim with the EEOC. Plaintiff must file an amended complaint on or before **February 24, 2022**. If Plaintiff fails to do so, the Court will dismiss this action without prejudice. *See* Civ. L.R. 41(c). The Court cautions Plaintiff that an amended complaint supersedes the prior complaint and must be complete in itself, without reference to the

original. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Therefore, if Plaintiff chooses to file an amended complaint, she must reallege her claims against Defendant. Finally, if Plaintiff chooses to refile her motion to proceed *in forma pauperis*, she must do so on or before **February 24, 2022**. Otherwise, Plaintiff must pay the filing fee to proceed with this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **February 24, 2022** or this action will be dismissed without prejudice for failure to prosecute; and

**IT IS FURTHER ORDERED** that, should Plaintiff choose to refile a motion to proceed *in forma pauperis*, she must do so on or before **February 24, 2022**; otherwise, Plaintiff must pay the filing fee to proceed with this action.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge