# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LETITIA MICHELE YEAGER,<br><br>                  Plaintiff,<br><br>v.<br><br>KOHLER CO.,<br><br>                  Defendant. | Case No. 22-CV-65-JPS<br><br>**ORDER** |

On January 18, 2022, Plaintiff Letitia Michele Yeager ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Kohler Co. ("Kohler") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112, *et seq.* ECF No. 1. The Court screened the complaint, and ordered Plaintiff to file an amended complaint, this time providing evidence of or pleading that she received a right-to-sue letter from the appropriate authority. ECF No. 5. On February 18, 2022, Plaintiff filed an amended complaint. ECF No. 8. Plaintiff also filed a motion for leave to proceed without prepaying the filing fee, ECF No. 9, and a motion to appoint counsel, ECF No 7. This Order screens Plaintiff's amended complaint and addresses her motions.

1. **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is unemployed and unmarried. ECF No. 9 at 1. She has three minor children, but it is not clear whether she is financially responsible for them. *Id.* Her monthly expenditures, including rent, a car payment, and household expenses, total approximately $1,375. *Id.* at 2–3. She has no source of income other than unemployment compensation. *Id.* at 2. The Court accepts that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the action.

**2.    SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3. **RELEVANT ALLEGATIONS**

Plaintiff alleges that, on August 26, 2021, Thomas Hamesiter ("Hamesiter"), a foreman at Kohler, approached her thirty minutes after her shift start time, "demanding that [Plaintiff] stand to do the job [she] was running." ECF No. 8 at 7. At that time, however, Plaintiff was on doctor-ordered work restrictions due to a work-related accident earlier that month. *Id.* Hamesiter continued to order Plaintiff to stand while she worked and threatened to report her to human resources ("HR") for failure to follow directions. *Id.* at 2–3. Plaintiff states that her white colleagues with the same job title as Plaintiff were permitted to sit while they performed similar jobs. *Id.*

Later that day, supervisor Kate Stoegal ("Stoegal") informed Plaintiff that she would need to meet with HR to discuss her "issue." *Id.* During the meeting, Plaintiff explained her medical condition and expressed concern about her white coworkers being permitted to sit while working (it appears that Plaintiff was the only Black employee). *Id.* Stoegal told Plaintiff that she would be allowed to sit on a stool until "an ergonomic assessment was completed." *Id.* Stoegal also stated that she would be more consistent about refusing all employees the opportunity to sit while working. *Id.*

When Plaintiff arrived at work the next morning, the stool was no longer at her workstation. *Id.* Hamesiter told Plaintiff that he had no

Page 3 of 7
Case 2:22-cv-00065-JPS   Filed 04/13/22   Page 3 of 7   Document 10

knowledge of where the stool went. *Id.* Stoegal approached Plaintiff and told her that she was required to attend a meeting with Stoegal, Hamesiter, and a union representative. *Id.* At this meeting, Plaintiff was told that she would not be permitted to sit while working because sitting would "cause more pressure on [her] spine." *Id.* Plaintiff returned to standing while working, which caused her pain. *Id.* Thereafter, the company began auditing her work performance more frequently, denying her vacation days, and ultimately terminating her on November 24, 2021. *Id.*

### 4.   ANALYSIS

The screening standard in employment discrimination cases (and others) is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Here, Plaintiff alleges that Kohler treated her differently than her white coworkers and on the basis of her medical condition. She alleges that she was fired after raising her concerns to management. Plaintiff has provided a copy of her right-to-sue letter from the Equal Employment Opportunity Commission. ECF No. 8 at 6. Plaintiff's amended complaint survives screening.

### 5.   MOTION TO APPOINT COUNSEL

As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel."

The Seventh Circuit teaches that a district court should seek counsel to represent a litigant if (1) the litigant has made reasonable attempts to secure counsel, and (2) "the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently

present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (*en banc*)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

Preliminarily, the Court makes a few observations about the forces underlying Plaintiff's request. First, despite the generosity of local attorneys in offering *pro bono* services, there are never enough volunteers to match the volume of requests for appointed counsel. Thus, it becomes nearly impossible for the Court to locate lawyers willing and able to take *pro se* cases by appointment. Second, the Court is bound by Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Allowing continual extensions of the Court's trial schedule to accommodate a desire for counsel contravenes this directive. Finally, in light of these issues, a plaintiff must offer reasons why counsel should be appointed that are not common to many other *pro se* litigants. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014).

Returning to the *Pruitt* test, the Court finds that Plaintiff has satisfied the first element. Plaintiff contacted multiple legal-aid services and underwent several intake interviews; however, none of these services agreed to represent Plaintiff. ECF No. 7. Plaintiff also contacted several other attorneys; after these lawyers reviewed her case, however, they declined to represent her. *Id.*

Plaintiff fails on the second prong. While it may be true that a lawyer would do a better job of presenting this case than Plaintiff would, the

Page 5 of 7
Case 2:22-cv-00065-JPS   Filed 04/13/22   Page 5 of 7   Document 10

Seventh Circuit has rejected this as a reason for appointment of counsel. *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) ("The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'"). Plaintiff has adequately alleged a plausible case. Her writing is clear, and she seems to have a decent grasp on the facts of her case. In light of the foregoing, the Court will deny Plaintiff's motion for appointment of counsel at this juncture.

6.  **CONCLUSION**

For the reasons stated herein, Plaintiff may proceed on her claims against Kohler. Whether the facts bear out her claims, or whether Kohler has any procedural or substantive defenses for its actions, must be determined at a later date.

Finally, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within **fourteen (14) days**, whether she desires service by the U.S. Marshals Service or whether she will obtain service of her own accord. If Plaintiff wants to

Page 6 of 7
Case 2:22-cv-00065-JPS   Filed 04/13/22   Page 6 of 7   Document 10

effect service herself, she should simultaneously file a request for the Clerk of the Court to issue a service packet to her.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 9, be and the same is hereby **GRANTED**;

**IT IS ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 7, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days**, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge